DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on September 3, 2009, requesting that the Complaint be dismissed.
A case management conference was held October 15, 2009. Jordan Samiee, broker, and Steve Hilgedick, owner, participated for Plaintiff; Doug Kelsay and Barron Hartwell appeared for defendant. Plaintiff asked for time to submit additional optional comments; nothing further was received. The record closed December 16, 2009.
This appeal concerns units of real property identified as Accounts R607118 through R607120. No appeals were filed for the 2008-09 tax year with the Multnomah County Board of Property Tax Appeals (BOPTA).
Oregon has a structured appeals system for taxpayers to follow when challenging the real market value assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1] *Page 2 
However, some situations occur that prevent a taxpayer from timely appealing to the county board. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2008-09 tax year, Plaintiff did not submit an appeal to BOPTA because the representatives thought they needed a lawyer to proceed. That is not a requirement. The minimal filing requirements were clearly misunderstood. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for that tax year. *Page 3 
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under this approach. The statute states:
 "The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." (Emphasis added.)
Here, the value range alleged by Plaintiff is not necessarily more than twenty percent. Despite an opportunity to provide additional valuation evidence, Plaintiff offered nothing. There is no showing of a valuation error or any market evidence of an incorrect assessment. On a review of the pleadings, there is no showing of a gross error. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this _____ day of February 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon February 5, 2010. The Court filed and entered this documenton February 5, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1